856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin HOWARD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1885.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin Howard appeals the district court's order affirming the denial of social security benefits by the Secretary of Health & Human Services.
 
 
 2
 On February 22, 1985, Howard was laid off from work. Howard was 59 years old at the time, held a bachelor's degree in radio education, and had been working in the health and beauty aid department of a department store. His work included manual labor and a variety of supervisory and clerical tasks. Howard has not engaged in substantial gainful activity since his dismissal.
 
 
 3
 On June 27, 1985, Howard applied for disability insurance benefits, alleging disability since February 22, 1985 because of a right hip replacement, a heart condition, and a stomach resection. The claim was denied initially and upon reconsideration. On March 12, 1986, Howard appeared with counsel before an administrative law judge, who considered the case de novo. The administrative law judge found that Howard was severely impaired by his hip condition but not by his heart or stomach conditions. The administrative law judge found that, while Howard could not return to his previous employment, Howard had the residual functional capacity to perform a wide range of sedentary jobs and that Howard's many transferable skills, including the ability to analyze data, supervisory skills, and a variety of clerical skills (e.g., operation of cash register, operation of money order machine, basic typing skills, etc.), made him highly marketable for any of a large number of positions existing in the local economy. Consequently, the administrative law judge pronounced Howard "not disabled." The Appeals Council approved the administrative law judge's decision, and Howard sought judicial review of the Secretary's final decision to deny his claim.
 
 
 4
 The matter was referred to a United States magistrate, who concluded that the administrative law judge erred in finding that Howard possessed marketable skills directly transferable to other sedentary work. Specifically, the magistrate found that the "skills" discussed in the administrative hearing were not "skills" but rather "aptitudes" under Weaver v. Secretary of Health and Human Services, 722 F.2d 310 (6th Cir.1983).
 
 
 5
 The district court, however, disagreed with the magistrate. The district court found that Howard's clerical skills were, in fact, "skills" and, consequently, that the Secretary's determination was supported by substantial evidence in the record. The district court accordingly affirmed the Secretary's decision denying Howard's application for disability insurance benefits.
 
 
 6
 The Secretary has recognized that employers may prefer to hire a younger worker rather than an older worker possessing the same skills. Accordingly, the Secretary's regulations provide that a claimant with a severe impairment whose age at the time of decision is between 60 and 64 years will not be considered capable of adjusting to sedentary work unless he possesses skills that are "highly marketable." 20 C.F.R. Sec. 404.1563(d); Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). We find that the vocational expert's testimony did not adequately address the issue of whether Howard's skills make a worker of his age highly marketable. Specifically, the vocational expert did not clearly take into account Howard's age and disability, in addition to his skills, when assessing Howard's employment opportunities. Consequently, we remand the case to the administrative law judge for the purpose of adducing further testimony on the subject of the marketability of Howard's skills.
 
 
 7
 The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.